IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA



SEP 2 6 2017

CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____,DEPUTY

Corey Moreland and all
similarly situated inmates, et. al.,

(Enter the full name of the plaintiff.)

v.

Case No. CIV-17-1029-R
(Court Clerk will insert case number)

(1) Oklahoma County,
(2) John Whetsel,
(3) P. D. Taylor, et. al.

Jury Trial Demand

(Enter the full name of each defendant. Attach additional sheets as necessary.)

## PRO SE PRISONER CIVIL RIGHTS COMPLAINT

### Initial Instructions

1.   You must type or legibly handwrite the Complaint, and you must answer all questions concisely and in the proper space. Where more space is needed to answer any question, you may attach a separate sheet.

2.   You must provide a full name for each defendant and describe where that defendant resides or can be located.

3.   You must send the original complaint and one copy to the Clerk of the District Court.

4.   You must pay an initial fee of $400 (including a $350 filing fee and a $50 administrative fee). The complaint will not be considered filed until the Clerk receives the $400 fee or you are granted permission to proceed *in forma pauperis*.

5.   If you cannot prepay the $400 fee, you may request permission to proceed *in forma pauperis* in accordance with the procedures set forth in the Court's form application to proceed *in forma pauperis*. See 28 U.S.C. § 1915; Local Civil Rule 3.3.

Rev. 10/20/2015

1.

- If the court grants your request, the $50 administrative fee will not be assessed and your total filing fee will be $350.

- You will be required to make an initial partial payment, which the court will calculate, and then prison officials will deduct the remaining balance from your prison accounts over time.

- These deductions will be made until the entire $350 filing fee is paid, **regardless of how the court decides your case.**

7. The Court will review your complaint before deciding whether to authorize service of process on the defendants. *See* 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c)(1). If the Court grants such permission, the Clerk will send you the necessary instructions and forms.

8. If you have been granted permission to proceed *in forma pauperis*, the United States Marshals Service will be authorized to serve the defendants based on information you provide. If you have not been granted permission to proceed *in forma pauperis*, you will be responsible for service of a separate summons and copy of the complaint on each defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure.

## COMPLAINT

I. **Jurisdiction is asserted pursuant to:**

   X  42 U.S.C. § 1983 and 28 U.S.C. § 1343(a)(3) (NOTE: these provisions generally apply to state prisoners), or

   ___ *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and 28 U.S.C. § 1331 (NOTE: these provisions generally apply to federal prisoners)

   If you want to assert jurisdiction under different or additional statutes, list these below:

   _____

   _____

   _____

Rev. 10/20/2015

2.

II. **State whether you are a:**

___ Convicted and sentenced state prisoner

___ Convicted and sentenced federal prisoner

_X_ Pretrial detainee

___ Immigration detainee

___ Civilly committed detainee

___ Other (please explain) _____

III. **Previous Federal Civil Actions or Appeals**

List each civil action or appeal you have brought in a federal court while you were incarcerated or detained in any facility.

1. Prior Civil Action/Appeal No. 1

    a. Parties to previous lawsuit:

    Plaintiff(s): _____None_____

    Defendant(s): _____

    _____

    b. Court and docket number: _____

    c. Approximate date of filing: _____

    d. Issues raised: _____

    _____

    _____

    e. Disposition (for example: Did you win? Was the case dismissed? Was summary judgment entered against you? Is the case still pending? Did you appeal?): _____

    _____

    f. Approximate date of disposition: _____None_____

If there is more than one civil action or appeal, describe the additional civil actions or appeals using this same format on a separate sheet(s).

IV. **Parties to Current Lawsuit**

State information about yourself and each person or company listed as a defendant in the caption (the heading) of this complaint.

1. Plaintiff

    Name and any aliases: Corey Moreland
    Oklahoma County Jail,
    Address: 201 N. Shartel, Oklahoma City, OK 73102

    Inmate No.: _____

2. Defendant No. 1

    Name and official position: Oklahoma County Commissioners, Willa Johnson and Brian Maughan, Oklahoma County Office Building, 320 Robert S. Kerr, ste 101,

    Place of employment and/or residence: Oklahoma City, OK 73102

    How is this person sued? ( ) official capacity, ( ) individual capacity, (X) both

3. Defendant No. 2

    Name and official position: Former Sheriff John Whetsel Oklahoma County Sheriff's office,

    Place of employment and/or residence: 201 N. Shartel Ave., Oklahoma City, OK 73102

    How is this person sued? ( ) official capacity, ( ) individual capacity, (X) both

If there are more than two defendants, describe the additional defendants using this same format on a separate sheet(s).

Continued on Page 5.

Rev. 10/20/2015

4.

IV. Parties To Current Lawsuit
4. Defendant No 3.
Name and official Position: P.D. Taylor, sheriff Oklahoma County; 201 N. shartel, OKC, OK 73102
He is sued in his ☐ Official Capacity; ☐ Individual Capacity; ☒ Both.

5.

6. *Do not include claims relating to your criminal conviction or to prison disciplinary proceedings that resulted in loss of good time credits.*

- If a ruling in your favor "would necessarily imply the invalidity" of a criminal conviction or prison disciplinary punishment affecting the time served, then you cannot make these claims in a civil rights complaint unless you have already had the conviction or prison disciplinary proceeding invalidated, for example through a habeas proceeding.

## Claims

List the federal right(s) that you believe have been violated, and describe what happened. Each alleged violation of a federal right should be listed separately as its own claim.

1. **Claim 1:**

    (1) List the right that you believe was violated:

    Prolonged exposure to Toxic Black Mold in violation of the 8th and/or 14th Amendments to the U.S. Constitution

    (2) List the defendant(s) to this claim: (If you have sued more than one defendant, specify each person or entity that is a defendant for this particular claim.)

    Oklahoma County Commissioners, John Whetsel,

Rev. 10/20/2015

6.

(3) List the supporting facts:

See Continuation on Page 9, Paragraph 4.

(4) Relief requested: (State briefly exactly what you want the court to do for you.)

Compensatory and Punitive damages in an amount to be Proven at the trial, medical expenses relating to the mold; Injunctive relief, emergency orders compelling Defendants to transfer inmates to other facilities away from the mold, grant a class certification, attorneys fees, court cost, any other relief the court deems proper.

2. **Claim II:**

   (1) List the right that you believe was violated:

   The extended deprivation of hot water (Cold showers only), since May 18, 2017 in violation of the 8th and/or 14th Amendments to the U.S. Constitution

   (2) List the defendant(s) to this claim: (If you have sued more than one defendant, specify each person or entity that is a defendant for this particular claim.)

   Oklahoma County Commissioners;
   P. D. Taylor.

Continued From Page 7
Statement of Case

1. This action is being filed to seek redress for the injury the Defendants willfully inflicted upon Plaintiff and all similarly situated inmates with the specific intent to inflict arbitrary punishment upon all inmates resulting from the Defendants callous indifference to inmates U.S. Constitutional rights causing inmates to sustain irreparable injury in the form of physical and mental pain, suffering, discomfort, and the intentional infliction of emotional distress and mental anguish.

2. In each instance, the Defendants breached their obligations, and was deliberately indifferent to Plaintiff and all similarly situated inmates causing the deprivation of rights under color of law and irreparable injury to Plaintiff and all similarly situated inmates, as will be fully set-forth herein.

3. Each of the defendants pursued a course of conduct knowing their conduct created a substantial risk of significant harm, and disregarded that risk causing irreparable injury to Plaintiff and all similarly situated inmates, justifying an award of punitive damages, as will be set-forth herein.

Claim 1, Supporting Facts
A. Toxic Black Mold "(mold):" Plaintiff incorporates by reference paragraphs 1 thru 3.

4. The Oklahoma County Detention Center's "(Jail)," ventilation system, including inmate cells, and shower areas is infested with mold, which causes serious health problems associated with mental impairment;

breathing problems; damage to organs and sometimes death.

5. Mycotoxins from the mold can be breathed-in, ingested, or absorbed through a person's skin or eyes, which will eventually find its way into the person's blood, which leads to heart damage, and problems with blood-clotting.

6. Plaintiff and all similarly situated inmates has been exposed to mycotoxins since their arrest and booking date, causing inmates to suffer various effects of mental impairment, breathing problems, damages to internal organs; and others, death.

7. The jail has been infested with mold for many years, which actually occurred during Defendant Whetsel's watch.

8. During all times relevant to the mold issue, Whetsel was the policy maker. He was obligated to monitor and review maintenance ledgers and records to ensure that air-filters are replaced on a scheduled basis, and maintain the jail free of mold. Whetsel breached his obligations, and was deliberately indifferent to Plaintiff and all similarly situated inmates. He willfully failed to maintain the jail free of mold causing irreparable injury to Plaintiff and all similarly situated inmates, as described in paragraphs 1 thrue 3 above.

9. Defendant Oklahoma County Commissioners had an obligation to inspect jail records to ensure that maintenance personnel conducted scheduled air-filter replacements. The Commissioners, however, adopted Whetsel's policy of ignoring maintenance records, breaching its obligations,

10.

and was deliberately indifferent to Plaintiff and all similarly situated inmates. The Commissioners willfully failed to maintain the jail free of mold causing irreparable injury to Plaintiff and all similarly situated inmates, as described in paragraphs 1, 2, and 3 above.

10. As a direct and proximate result of each of the Defendants deliberate indifference, as described above, Plaintiff and all similarly situated inmates suffered the deprivation of rights under color of law and was made to suffer irreparable injury in the form of serious physical injury, pain, discomfort, both physical and mental suffering, and the intentional infliction of emotional distress and mental anguish.

Claim 2, Supporting Facts
Continued From Page 8
B. No Hot Water. Plaintiff incorporates by reference paragraphs 1 through 10 above.

11. On May 18, 2017, with Defendant Taylor's authorization, the hot water to inmate cells and showers was turned-off, cold showers only, and no hot water to the cells.

12. The deprivation of hot water, like many cells not having lights, restricting inmate diets, and all of the impositions of group restriction, is all designed and intended to inflict arbitrary punishment on all inmates

13. The Defendants received written correspondence, including phone calls from interested parties attempting to have the hot water turned on. Furthermore, Plaintiff talked to jail personnel, and exhausted the jail's grievance procedure challenging the denial of hot water.

11.

14. During all times relevant to the "no hot water" issue, Defendant Taylor was the jail's policy maker. He had an obligation to ensure that inmate have hot water on a daily basis. However, Taylor breached his obligations, and was deliberately indifferent to Plaintiff and all similarly situated inmates, and willfully failed to provide inmates with hot water causing irreparable injury to Plaintiff and all similarly situated inmates, as described in paragraphs 1, 2, and 3 above.

15. Defendant Oklahoma County Commissioners had knowledge that Taylor failed to restore the hot water. The commissioners simply adopted Taylor's policy, or custom, of not providing inmates with hot water, which caused injury to Plaintiff. The Commissioners were deliberately indifferent to Plaintiff and all similarly situated inmates causing irreparable injury, as described in paragraphs 1, 2, and 3 above.

16. As a direct and proximate result of the Defendants deliberate indifference, as set-forth above, Plaintiff and all similarly situated inmates suffered the deprivation of rights under color of law causing irreparable injury in the form of physical pain, discomfort, and the intentional infliction of emotional distress and mental anguish.

12.

(3) List the supporting facts:

See Continuation on Page 11, Paragraph 11.

(4) Relief requested: (State briefly exactly what you want the court to do for you.)

Compensatory and punitive damages to be proven at the trial, Injunctive relief, emergency orders, TRO's compelling defendants to provide hot water to inmate cells, and showers, class certification, attorneys fees, court cost, and any other relief the court deems proper.

If there are more than two claims that you wish to assert, describe the additional claims using this same format on a separate sheet(s).

## VI.  Declarations

I declare under penalty of perjury that the foregoing is true and correct.

_____       9/20/2017
Plaintiff's signature                 Date

I further declare under penalty of perjury that I placed this complaint in the prison's legal mail system, with the correct postage attached, on the 21 day of Sep., 20 17.

_____       9/20/2017
Plaintiff's signature                 Date

Rev. 10/20/2015

8.